UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
HARRY GASTON,

                     Plaintiff,                      COMPLAINT AND
                                                                          JURY TRIAL DEMAND

    -against-

P.O. RUIZ, P.O. "JANE DOE," P.O. "JOHN DOE"
and THE CITY OF NEW YORK,

                     Defendants.
-------------------------------------------------------------------------X

        Plaintiff, HARRY GASTON, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION

        1.     This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

        2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

        3.     Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

        4.     Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred primarily within this District.

### JURY TRIAL DEMAND

        5.     Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

6.  At all times relevant hereto, plaintiff, HARRY GASTON, was and is a natural person, resident in the County, City and State of New York.

7.  At all times relevant hereto, defendant P.O. RUIZ as and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

8.  At all times relevant hereto, defendant P.O. "JANE DOE" was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9.  At all times relevant hereto, defendant P.O. "JOHN DOE" was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. The individual defendants are sued in their individual capacities.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT P.O. "JANE DOE"
### (42 U.S.C. §1983)

12. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "11" hereinabove as if more fully set forth at length herein.

13. On or about December 11, 2015, and for a period of time prior thereto, plaintiff was resident at a homeless shelter located at 8 East Third Street, City, County and State of New York.

14.     At approximately 2:30 A.M. on the aforementioned date, plaintiff was arrested, while he was present at the aforementioned premises, by defendant P.O. JANE DOE.

15.     Defendant P.O. JANE DOE falsely and maliciously accused plaintiff of being in violation of a bench warrant that had been issued by Criminal Court of the City of New York, County of Queens, on March 27, 1992.

16.     Defendant P.O. JANE DOE, and other officers who are not parties hereto, transported plaintiff to the aforementioned court in Kew Gardens, Queens.

17.     When plaintiff's case was called, an Assistant District Attorney for the County of Queens informed the court that the warrant on which plaintiff had been arrested was not for him, but, rather, was for another person.

18.     Consequently, plaintiff was released from custody at approximately 1:00 P.M., on December 11, 2016.

19.     Plaintiff was in custody on the aforementioned warrant issued for another person for approximately eleven hours.

20.     Prior to plaintiff's leaving the courthouse, a clerk of the court provided plaintiff with a document addressed to "Whom It May Concern."

21.     The aforementioned document stated, "Please be advised that the Court has determined that the bearer of this letter, Gaston, Harry is not the defendant arrested under docket 92Q000805."  A copy of this document is annexed to this complaint as Exhibit "A" and is incorporated herein.

22.     The aforementioned document was signed by the Court Clerk.

23. Defendant P.O. JANE DOE violated plaintiff's right, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, to be arrested only with probable cause in that, acting under color of state law, she, without having any probable cause whatsoever, falsely and maliciously charged plaintiff with violating a warrant that had been issued for another person, placed him under arrest and caused him to be held in custody for approximately eleven hours.

24. Because of the aforementioned acts committed against him by defendant P.O. JANE DOE, plaintiff suffered a deprivation of his right not to be arrested without probable cause and, as a consequence, suffered a loss of his liberty, public humiliation and extreme mental anguish.

25. By reason of the aforementioned unconstitutional and illegal action taken against him by defendant P.O. JANE DOE, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant P.O. JANE DOE, both amounts to be determined at the trial of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
<u>**AGAINST DEFENDANTS P.O. RUIZ and PO. "JOHN DOE"**</u>
**(42 U.S.C. §1983)**

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" hereinabove as if more fully set forth at length herein.

27. On or about November 17, 2016, at approximately 12:30 A.M., plaintiff was present in the Jamaica Center subway station, which is located in the County of Queens, City and State of New York.

28. At the aforementioned time and place, plaintiff attempted to gain lawful entry into the subway by using a Metrocard.

29. The aforementioned Metrocard, however, was not accepted by the turnstile that plaintiff attempted to use.

30. Consequently, plaintiff used the emergency exit to enter the subway system.

31. Defendant P.O. JOHN DOE, who was present at the station, called plaintiff over and requested his identification.

32. Plaintiff produced his identification.

33. Plaintiff was told by defendant P.O. JOHN DOE that, if no outstanding warrant for plaintiff came up on defendant P.O. JOHN DOE's computer, plaintiff would not be arrested.

34. Defendant P.O. JOHN DOE, however, did find on his computer an indication that there was a bench warrant outstanding for plaintiff.

35. Defendant P.O. JOHN DOE called defendant RUIZ, who was also present in the station, over to where he and plaintiff were standing and informed him as to what he had found on his computer.

36. Plaintiff informed these two defendants that he had a document in his possession attesting to the fact that the aforementioned warrant had not been issued for him.

37. Defendant P.O. JOHN DOE informed plaintiff that he was not interested in seeing the document.

38. Defendant P.O. RUIZ proceeded to place plaintiff under arrest, rear-handcuffing him.

39. Defendant P.O. JOHN DOE told plaintiff that he should have taken care of the warrant since its issuance in 1992.

40. Plaintiff replied that he had.

41. Defendant P.O. JOHN DOE now saw on his computer that plaintiff had already been arrested on three prior occasions for failing to comply with the aforementioned warrant.

42. Plaintiff now told defendants to look in his wallet, which they were holding, for the document contained therein that has been designated hereinabove above as Exhibit "A."

43. Defendants P.O. RUIZ and P.O. JOHN DOE removed Exhibit "A" from plaintiff's wallet and read it.

44. Nevertheless, after reading Exhibit "A," defendant P.O. JOHN DOE told plaintiff to, "Tell it to the judge," and refused to release him.

45. The aforementioned defendants also failed and refused to acknowledge the fact that, if plaintiff had already been arrested three times on the same warrant, its showing up on their computer as still being valid made no sense whatsoever.

46. Defendants P.O. RUIZ and P.O. JOHN DOE transported plaintiff to the stationhouse of District 20, from where plaintiff was later transported to Queens Central Booking.

47. On November 18, 2016, at approximately 3:00 P.M., plaintiff went before a judge of the Criminal Court of the City of New York, County of Queens, who, realizing

that claimant was not the subject of the warrant on which he had now been arrested for the fourth time, once again dismissed the warrant as against plaintiff.

48. Plaintiff received an adjournment in contemplation of dismissal with regard to the charge of his not having paid the subway fare.

49. When he was released, plaintiff had been held in custody for approximately thirty-nine hours.

50. Defendants P.O. RUIZ and P.O. JOHN DOE violated plaintiff's right, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, to be free from arrest without probable cause therefor in that, acting under color of state law, they, without any cause or provocation whatsoever, arrested plaintiff for being in violation of a warrant of a court despite plaintiff's presenting them with proof from the court that the warrant they were arresting him on was not a warrant for his arrest.

51. Because of the aforementioned act committed against him by defendants P.O. RUIZ and P.O. JOHN DOE, plaintiff suffered a deprivation of his right not to be arrested without probable cause, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered a loss of his liberty and suffered public humiliation and extreme mental anguish.

52. By reason of the aforementioned unconstitutional and illegal action taken against him by defendants P.O. RUIZ and P.O. JOHN DOE, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants P.O. RUIZ and P.O. JOHN DOE, both amounts to be determined at the trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
## <u>AGAINST DEFENDANT CITY OF NEW YORK</u>
## (42 U.S.C. §1983)

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" hereinabove as if more fully set forth at length herein.

54.     Defendant CITY OF NEW YORK, acting through its Police Department and through the individual defendants, maintained policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged in this complaint.

55.     Upon information and belief, the Police Department of defendant CITY OF NEW YORK does not record information made available to it through the New York State Unified Court System's Criminal Record Information and Management System (CRIMS).

56.     CRIMS is an automated case management computer program designed for use in the criminal courts of the State of New York.

57.     The CRIMS system is kept up to date in all stages of case-related record-keeping, from case initiation through disposition and, if applicable, appeal.

58.     In addition, CRIMS receives automated arrest information and provides disposition information to the New York State Division of Criminal Justice Services for the maintenance of individuals' criminal histories.

59.     Upon information and belief, the Police Department of defendant CITY OF NEW YORK has acknowledged that complete criminal record histories, including up-to-

date case status for individuals, are essential for the operation of the Police Department of defendant CITY OF NEW YORK.

60. Upon information and belief, the Police Department of defendant CITY OF NEW YORK has acknowledged that CRIMS provides the most up-to-date status on cases prosecuted in the criminal courts of the State of New York and that the system is essential to the determination and verification of a possible warrant.

61. Nevertheless, the Police Department of defendant CITY OF NEW YORK consistently fails and refuses to use CRIMS to keep its records regarding warrants current.

62. The individual defendants to this action, who arrested plaintiff on the two separate occasions alleged hereinabove, knew, or should have known, that the information with regard to plaintiff being the subject of an active warrant, which they possessed at the time that they arrested him, was untrustworthy.

63. Thus, there was no objectively reasonable probable cause for plaintiff to be arrested on either of the two occasions described hereinabove.

64. The two arrests of plaintiff alleged herein were made as a direct consequence of the reckless and deliberately indifferent warrant search system of the Police Department of defendant CITY OF NEW YORK.

65. Plaintiff was arrested for being in violation of a warrant on the two occasions alleged herein with absolutely no basis for his arrest whatsoever, as the warrant had been issued for another person, yet was listed on an untrustworthy computer system utilized by the Police Department of defendant CITY OF NEW YORK as having been issued for plaintiff.

66. The Police Department of defendant CITY OF NEW YORK owns and maintains computers connected to a system known as a Local Area Network (LAN), which system has an application called Automated Database for Warrants (ADW).

67. Data contained in LAN concerning criminal court warrants is to be obtained from CRIMS.

68. However, the Police Department of defendant CITY OF NEW YORK fails and refuses to regularly update information contained in LAN that is provided to it by CRIMS.

69. As a direct result of the failure of the Police Department of defendant CITY OF NEW YORK to keep LAN updated with current information from CRIMS, as it is required to do, plaintiff was falsely arrested on the two occasions alleged in this complaint.

70. The failure of the Police Department of defendant CITY OF NEW YORK to keep LAN up to date through use of the information provided to it by CRIMS directly resulted in the two arrests of plaintiff without probable cause that are alleged in this complaint.

71. The actions, conduct, policies, practices and customs of the Police Department of defendant CITY OF NEW YORK hereinabove described violated plaintiff's right, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, to be arrested only with probable cause.

72. As a result of the two hereinabove described arrests of plaintiff without probable cause, in violation of the fourth and fourteenth amendments to the Constitution

of the United States, plaintiff suffered a loss of his liberty and suffered public humiliation and extreme mental anguish.

73. As a result of the two aforementioned denials of his right to be arrested only with probable cause, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, as delineated hereinabove, defendant CITY OF NEW YORK has damaged plaintiff in an amount sufficient to compensate him for his injuries as enumerated hereinabove.

WHEREFORE, plaintiff, HARRY GASTON, demands judgment against defendants, P.O. RUIZ, P. O. "JANE DOE," P.O. "JOHN DOE" and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate plaintiff for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant P.O. "JANE DOE";

SECOND CAUSE OF ACTION: An amount sufficient to compensate plaintiff for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants P.O. RUIZ and P.O. "JOHN DOE"; and

THIRD CAUSE OF ACTION: An amount sufficient to compensate plaintiff for his injuries as enumerated hereinabove.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      March 6, 2017

/s/ Alan D. Levine
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363